IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MYNOR ABDIEL TUN-COS, *et al.* | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| *v.* | ) Civil Action No. 1:17-cv-943<br>) |
| B. PERROTTE, *et al.*, | )<br>) |
| Defendants. | )<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS'
MOTION TO STRIKE THE SEVEN NEWLY ADDED PLAINTIFFS,
OR ALTERNATIVELY, TO SEVER THEIR CLAIMS**

**INTRODUCTION**

Defendants B. Perrotte, T. Osborne, D. Hun Yim, P. Manneh, and A. Nichols[1] ask this Court to strike from the amended complaint in this action the newly added Plaintiffs, who were not in the original complaint and who sue Defendants for a wholly separate alleged incident.[2] Alternatively, Defendants ask this Court to sever the newly added Plaintiffs' claims. Those claims do not arise out of the same transaction or occurrence as the claims of the original Plaintiffs as permitted under the Federal Rules of Civil Procedure for joinder. Indeed, the newly added Plaintiffs' claims involve an alleged incident that occurred on a different date, in a

---

[1] Department of Justice representation has not been authorized for Defendants regarding the newly pled allegations and claims. *See* 28 C.F.R. § 50.15. In order for the Department of Justice to adjudicate a request for representation, the relevant agency must forward "all available factual information," along with Defendants' requests and the agency's recommendation, to the Department. *Id.* § 50.15(a)(1). Thus, undersigned counsel represents the Defendants as to the newly pled allegations and claims solely for the purposes of filing this motion.

[2] Those Plaintiffs are Luis Velasquez Perdomo, Pedro Velasquez Perdomo, Germán Velasquez Perdomo, Eder Aguilar Aritas, Eduardo Montano Fernández, Nelson Callejas Peña, and José Carcámo.

different city, and under markedly different circumstances. Moreover, joinder of the newly added Plaintiffs will prejudice the Defendants by confusing the issues raised by the original Plaintiffs. Additionally, as a general matter, joinder of new plaintiffs based upon a separate incident will prejudice individual-capacity federal defendants by shortening their time frame under the Federal Rules to answer or otherwise respond to the new allegations and claims. In such circumstances, time is needed for the Department of Justice to receive and process any requests for representation that will be necessitated by those new and unrelated claims.

**BACKGROUND AND PROCEDURAL HISTORY**

In their original complaint, Plaintiffs Mynor Abdiel Tun-Cos and José Saput sued Defendants, who are all United States Immigration and Customs Enforcement (ICE) officials, in their individual capacities based on alleged events that occurred during a routine immigration enforcement operation in Annandale, Virginia, in the early morning hours of February 17, 2017. *See* Dkt. #1, Compl., ¶¶ 18, 20. According to Plaintiffs' original complaint, Defendants seized and questioned Plaintiffs after Plaintiffs and one other unnamed individual left their apartment—which had also housed two brothers who "were in trouble with the police" and for whom ICE was searching—and entered their vehicle with a fourth unnamed individual. *Id.* ¶¶ 20-22, 25, 28. Following the encounter at the vehicle, Defendants allegedly entered Plaintiffs' apartment with Plaintiffs, further questioned them, placed them under arrest, and transported them to an ICE facility, where they were released later that day. *Id.* ¶¶ 28, 30, 32. Plaintiffs claim that Defendants detained and questioned them solely because of their "apparent race, ethnicity, or perceived national origin." *Id.* ¶ 38. Based on these allegations, Plaintiffs brought two claims for money damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,

2

403 U.S. 388 (1971), for purported violations of their Fourth Amendment and Fifth Amendment equal protection rights.

On November 6, 2017, Defendants filed a motion to dismiss both claims (and thus, Plaintiffs' original complaint) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkt. #19. In their supporting memorandum, Defendants raised three threshold defenses. First, under the Immigration and Nationality Act (INA), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302 (2005), 8 U.S.C. §§ 1101 *et seq.*, this Court lacks jurisdiction over those claims because the INA channels constitutional challenges such as those of Plaintiffs (who are in removal proceedings) through the immigration courts and the courts of appeals. *See* Dkt. #20 at 3-8. Second, under Supreme Court and Fourth Circuit precedent, this Court should not imply a damages remedy for Plaintiffs in this new context because numerous special factors counsel hesitation. *See id.* at 8-23 (citing, e.g., *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)). Third, Defendants are entitled to qualified immunity because Plaintiffs have failed to plead facts demonstrating the violation of a clearly established constitutional right. *See id.* at 23-30.

On November 16, 2017, the parties filed a joint scheduling motion. *See* Dkt. #23. In that motion, Plaintiffs expressed their intent to amend their complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B) by "adding additional plaintiffs." *Id.* at 1. The parties also jointly offered a briefing schedule for the Defendants' anticipated motion to dismiss. *Id.* At the time this motion was filed, the undersigned counsel for Defendants had not seen the unfiled amended complaint and was unaware that Plaintiffs' reference to "additional plaintiffs" referred to individuals who sought to present claims that involved an alleged incident wholly separate from the February 17, 2017 incident in Annandale, which was the sole basis of the original complaint.

3

Plaintiffs filed their amended complaint on November 16, 2017. *See* Dkt. #25, Am. Compl. The amended complaint included the seven newly added Plaintiffs, none of whom raise allegations regarding the events of February 17, 2017. Instead, the allegations of the newly added Plaintiffs wholly involve an alleged ICE operation on February 8, 2017, in Arlington, Virginia, at the house of one José Carcámo. *See id.* ¶¶ 10, 19-24. The newly added Plaintiffs allege that "four Defendants"—without specifying which four—approached one of the newly added Plaintiffs at approximately 5:40 a.m. on the morning of February 8, 2017, in front of a house in Arlington, and, after gaining entrance to the house, searched various rooms while looking for a specific individual. *Id.* at ¶¶ 25-45. The amended complaint does not contain any factually substantive changes to the allegations in the original complaint regarding the February 17, 2017, ICE operation. Rather, it solely removes references to the current administration's purported immigration enforcement policy, *compare* Dkt. #1, Compl. ¶¶ 5, 15, *with* Dkt. #25, Am. Compl., ¶¶ 1-5, and adds general allegations regarding the ethnic composition of Annandale. *See* Dkt. #25, Am. Compl., ¶ 71.

## **ARGUMENT**

Attempting to join the newly added Plaintiffs to the original Plaintiffs is a misjoinder of parties because the newly added Plaintiffs' claims do not in any way arise from the same occurrence or series of occurrences as the original Plaintiffs' claims within the meaning of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 20(a)(1).[3] Moreover, adding those claims

---

[3] Although Defendants are not asking this Court to deny Plaintiffs' amended complaint, under Rule 21, Plaintiffs were obligated to seek leave from the Court before adding the new Plaintiffs, instead of adding those Plaintiffs as a matter of course under Rule 15(a)(1)(B). *See Age of Majority Educ. Corp. v. Preller*, 512 F.2d 1241, 1245-46 (4th Cir. 1975) (en banc) (affirming district court's decision not to receive amended complaint that added and dropped parties because plaintiff failed to seek leave of court); *see also Bell v. English*, 836 F.2d 545, 545 & n.* (4th Cir. 1989) (citing *Preller*) (per curiam unpublished table disposition).

risks confusing potential jurors regarding the events alleged in this action, and will prejudice the Defendants in their defense of the separate incidents. *Cf.* Fed. R. Evid. 403, 404 (prohibiting admission of evidence that may confuse issues and evidence of prior bad acts). Furthermore, as a general matter, allowing plaintiffs in individual-capacity lawsuits against federal officials who are represented by the United States Department of Justice to add parties in unrelated incidents to their complaint through amendment risks reducing the time under the Federal Rules that the defendants would otherwise be entitled to respond to those new claims, undermines the Department of Justice's ability to provide adequate representation to federal employees facing potential personal liability, and precludes the speedy and efficient resolution of civil actions in this Court.

**I.     Under Rule 20, Joinder Is Improper.**

The newly added Plaintiffs' claims relate to a wholly separate incident on a different date and in an entirely different city than the incident in the initial complaint, which makes joinder improper. Under Rule 20, plaintiffs may join in one action when they "assert a right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). That rule should be construed in light of its purpose, which is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (internal quotations and citations omitted) (per curiam).

Merely asserting that defendants "committed the same type of violation in the same way," however, does *not* link parties together for joinder when faced with separate incidents and separate circumstances. *Peterson v. Regina*, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013); *see also*

5

*Raw Films, Ltd. v. Does 1-32*, No. 3:11-cv-532, 2011 WL 6182025, at *2 (E.D. Va. Oct. 5, 2011). For example, in *Lover v. District of Columbia*, the court found joinder improper under Rule 20(a) where plaintiff sought to add additional plaintiffs and defendants, even though the added claims involved searches similar to that alleged by plaintiff, because "of the variances in the manner of the alleged searches, the officers allegedly involved, and the timing of each alleged search." 248 F.R.D. 319, 324-25 (D.D.C. 2008); *see also Jackson v. Jernigan*, No. 3:16-cv-750, 2017 WL 1962713, at *3 (W.D. Ky. May 11, 2017) (denying joinder where second plaintiff's claims related to separate arrest that occurred on separate date from original plaintiff's arrest); *Blood v. Fed. Bureau of Prisons*, No. 3:CV-09-229, 2009 WL 1118471, at *5 (M.D. Pa. Apr. 24, 2009) (denying joinder where plaintiffs each alleged First Amendment violations for withholding of mail because plaintiffs had "separate underlying claims regarding withholding of documents and separate cases pending in various courts"), *aff'd in relevant part*, 351 F. App'x 604, 607 (3d Cir. 2009). Additionally, "the mere fact that" all plaintiffs' claims "arise under the same general law" is not in and of itself enough to permit joinder. *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

Here, the newly added Plaintiffs' claims clearly do not arise out of the same occurrence or series of occurrences as the original Plaintiffs' claims. The newly added Plaintiffs' claims arise out of an alleged occurrence on February 8 in Arlington, over one week before, in a different city, involving different Plaintiffs, and with a different number (and thus composition) of Defendants than the occurrence that gave rise to the original Plaintiffs' complaint, which arose out of an incident that occurred in Annandale on February 17. That both claims involve ICE operations in Virginia, and that some of the Defendants allegedly participated in both operations, is not nearly enough to permit joinder. *See Stojcevski v. Cnty. of Macomb*, 143 F. Supp. 3d 675,

683 (E.D. Mich. 2015) (finding joinder improper for brothers' claims of medical negligence against same prison officials because claims did not "share an aggregate of operative facts"); *Pinson v. U.S. Dep't of Justice*, 975 F. Supp. 2d 20, 30 (D.D.C. 2013) ("Similar actions without a logical relation do not satisfy the 'arising out of the same transaction' prong of Rule 20(a)." (quotation omitted)); *Peterson*, 935 F. Supp. 2d at 638 ("At a minimum, adjudicating plaintiff's claims would require an examination of probable cause on two entirely different sets of factual circumstances. Thus, there would have been no basis for allowing their joinder in a single suit." (citations omitted)).

Moreover, given the different circumstances and natures of the February 8 incident and the February 17 incident, the Court would likely need to separate the cases before trial to ensure the facts of the two incidents are kept straight and to avoid confusing the jury, which courts have held is a relevant consideration in determining whether to permit joinder. *See Saval*, 710 F.2d at 1031 ("Quite probably, severance would have been required in order to keep straight the facts pertaining to the separate automobiles."); *Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 15 (D.D.C. 2004) (severing plaintiff's claims because "the facts underlying Disparte's claims are so divergent from Cobb's and Muhammad's that there is a high probability that the defendant would encounter prejudice due to jury confusion"). In this respect, joinder would not further Rule 20's purpose of promoting trial convenience. Nor would it "expedite the final determination of disputes." *Saval*, 710 F.2d at 1031. Accordingly, this Court should strike the newly added Plaintiffs from the Amended Complaint, enabling them to file a separate action if they so desire. Alternatively, this Court should sever the newly added Plaintiffs' claims and allow the two sets of claims to proceed as separate matters. *See Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d

424, 442 (7th Cir. 2006) ("Severance under Rule 21 creates two separate actions or suits where previously there was but one." (citation, quotation marks, and internal alterations omitted)).

II.  **Joinder in These Circumstances Risks Complicating Representation of Federal Employees Facing Potential Personal Liability.**

The above reasons against joinder are amplified when separate groups of plaintiffs seek joinder for claims against federal defendants sued in their individual capacities based on separate alleged incidents. This is because as a general matter, it shortens the amount of time federal defendants have to respond to a complaint from sixty days to fourteen. *See* Fed. R. Civ. P. 12(a)(3), 15(a)(3).[4]

The addition of newly pled factual events involving a separate incident and new plaintiffs requires a separate determination of the appropriateness of Department of Justice representation. When a plaintiff joins parties through amendment, that analysis, which takes time, must start anew. For example, in this case, the analysis has not yet occurred as the incident was recently pled, and the agency is still in the process of compiling its representation materials. Thus, allowing joinder on independent incidents, such as the Plaintiffs seek to do, would generally frustrate the United States' ability to conduct that process. Moreover, the time required for this process is reflected in the Federal Rules of Civil Procedure, under which federal employees sued in their individual capacity have sixty days to respond to a complaint, *see* Fed. R. Civ. P. 12(a)(3), and the Advisory Committee Notes explicitly refer to the time needed to determine representation as a reason for this timeframe. *See id.*, *Advisory Committee Notes to 2000*

---

[4] Although in this specific case, Plaintiffs have generously agreed to a request for sixty days to respond to the Amended Complaint, and the Court has granted the request for additional time, the onus should not generally be on individual-capacity federal defendants to seek plaintiffs' consent and leave from the Court for an enlargement of time to respond when the Federal Rules already provide a longer response time for such defendants.

*Amendments* (in explaining why federal employees have sixty days to respond, noting that "[t]ime is needed for the United States to determine whether to provide representation to the defendant officer or employee"). Thus, joinder in these circumstances runs counter to the Federal Rules' recognition of its importance through the provision of sixty days for individual federal employees to respond to a complaint. And moreover, joinder of this type frustrates the judicial desire to resolve civil actions efficiently and without delay.

Here, Defendants sought and received Department of Justice representation based on the events of February 17, 2017, as pled by the original Plaintiffs. Now, the newly added Plaintiffs bring claims based on an entirely separate event on February 8, 2017. Because the newly added Plaintiffs' claims are based on a separate event, the Department of Justice does not currently represent the Defendants for that event. Nor to date has it received requests for representation from any of the Defendants, the requisite agency recommendation, or all available factual information concerning these new allegations. *See* 28 C.F.R. § 50.15(a)(1). Thus, not only would joinder run afoul of Rule 20(a), but without leave of the Court, which has been granted in this specific case, it would not allow sufficient time for the Department of Justice to process Defendants' representation requests that the Federal Rules contemplate. This Court should therefore not permit joinder, and should keep these two actions separate, either by striking the newly added Plaintiffs, or, alternatively, severing their claims.

**CONCLUSION**

Plaintiffs' amended complaint adds claims that arise from an entirely different occurrence than the events pled in the original complaint, which makes joinder improper. Permitting joinder in such circumstances would normally shorten the time that federal defendants have to seek, and the Department of Justice has to determine, representation on the newly pled claims, as well as

9

the time the Federal Rules of Civil Procedure contemplate that those events occur and a response to a complaint be filed. Joining parties inappropriately also has implications for any trial. For these reasons, and those discussed above, this Court should strike the newly added Plaintiffs and their claims from this lawsuit, or should sever those claims.

DATED this 27th day of November, 2017.

Respectfully submitted,

CHAD A. READLER
Principal Deputy Assistant Attorney General
Civil Division

DANA J. BOENTE
United States Attorney
Eastern District of Virginia

C. SALVATORE D'ALESSIO, Jr.
Acting Director, Torts Branch

MARY HAMPTON MASON
Senior Trial Counsel

_____/s/_____
DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3891
Fax: (703) 299-3983
E-Mail: dennis.barghaan@usdoj.gov

Paul E. Werner
Trial Attorney
Civil Division, Torts Branch
P.O. Box 7146 Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4152
Fax: (202) 616-4134
E-Mail: paul.werner@usdoj.gov

Attorneys for the Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to:

Simon Y. Sandoval-Moshenberg
VA Bar No. 77110
Nicholas Marritz
VA Bar No. 89795
Legal Justice Aid Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Telephone: (703) 720-5605
E-Mail: simon@justice4all.org; nicholas@justice4all.org

Daniel E. Johnson
VA Bar No. 88696
Mark H. Lynch (*pro hac vice*)
Jose E. Arvelo (*pro hac vice*)
Brandon H. Johnson (*pro hac vice*)
Daniel T. Grant (*pro hac vice*)
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5224
E-Mail: dejohnson@cov.com

    /s/
DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3891
Fax: (703) 299-3983
E-Mail: dennis.barghaan@usdoj.gov