IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MYNOR ABDIEL TUN-COS, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| *v.* | ) | Civil Action No. 1:17-cv-943 |
| | ) | |
| B. PERROTTE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING DEFENDANTS' MOTION TO DISMISS**

Contrary to Plaintiffs' argument in their Notice of Supplemental Authority, *Jennings v. Rodriguez*, No. 15-1204, -- S. Ct. --, 2018 WL 1054878 (U.S. Feb. 27, 2018), in which the Supreme Court considered detained aliens' claims that they are entitled to periodic bond hearings under the Immigration and Naturalization Act, supports Defendants' motion to dismiss. Justices in *Jennings* offered three separate opinions—none of which garnered a majority or a plurality—on the applicability of 8 U.S.C. § 1252(b)(9) to those aliens' claims. Although the balance of justices found that § 1252(b)(9) did not apply in the specific context of *Jennings*—aliens detained for more than six months in the course of immigration removal proceedings who sought a bond hearing, *id.* at *6—a close inspection of those justices' opinions demonstrates that only a minority of the Court follows Plaintiffs' interpretation of § 1252(b)(9).

As a brief overview of those opinions, Justice Alito, joined by Justices Roberts and Kennedy, stated that § 1252(b)(9) did not bar the detained aliens' claimed entitlement to periodic bond hearings because such claims did not "aris[e]" from an "action taken or proceeding brought" to remove them. *See id.* at *7-8 (Alito, J.). To hold otherwise "would lead to staggering

results" and also would render "claims of prolonged detention"—such as those of the aliens in *Jennings*—"effectively unreviewable." *Id.*[1] Justice Breyer's dissenting opinion, joined by Justices Ginsburg and Sotomayor, stated in conclusory fashion that § 1252(b)(9) did not apply because the aliens challenged "their detention without bail, not an order of removal," and § 1252(b)(9), "by its terms," applies only "[w]ith respect to review of an order of removal under [§ 1252(a)(1)]." *Id.* at *44 (Breyer, J., dissenting) (quoting § 1252(b), alterations in original).[2] Justice Thomas, joined by Justice Gorsuch, opined that § 1252(b)(9) applied to the detained aliens' claims because that provision is not limited to review of an order of removal and because the aliens' claims arose from an "action taken . . . to remove" them. *Id.* at *22-23 (Thomas, J.).

Notably, Justice Alito's opinion did *not* follow the reasoning of Justice Breyer's conclusion or simply state that § 1252(b)(9) was inapplicable because—as Plaintiffs erroneously argue here—the aliens did not challenge an order of removal. The implication is that Justice Alito, along with Justices Roberts and Kennedy, do not limit § 1252(b)(9) to challenges to orders of removal. Indeed, had those justices agreed with Justice Breyer's opinion on that point, they could have secured a majority regarding the reason for § 1252(b)(9)'s inapplicability in *Jennings*. Accordingly, five justices do not limit § 1252(b)(9) to challenges to an order of removal. That is directly contrary to one of Plaintiffs' main arguments against the application of § 1252(b)(9) in the instant litigation. *See* Dkt. #44 at 5-7; Dkt. #47-2 at 3.

---

[1] Justice Alito also questioned whether all the aliens' claims, which included claims by aliens who were detained pending consideration of their request for asylum, regarded "actions taken . . . to remove them from the United States." *Id.* at *7 n.2 (quoting § 1252(b)(9), internal quotation marks and alterations omitted).

[2] Plaintiffs mistakenly cite Justice Breyer as quoting § 1252(b)(9). *See* Dkt. #47-2 at 3. He was not. Instead, he was quoting the prefatory clause to § 1252(b).

Additionally, in declining to adopt an "expansive interpretation" of § 1252(b)(9), Justice Alito offered three examples of the "staggering results" of such an interpretation. *Jennings*, 2018 WL 1054878, at *7 (Alito, J.). It would bar: (1) constitutional claims by detained aliens for inhumane conditions of confinement; (2) state-law claims by detained aliens for assaults by guards or other detainees; and (3) claims by detained aliens resulting from a vehicle accident that may occur while transporting them between detention facilities. *Id.* None of those circumstances are remotely alleged in this case.

Ultimately, Justice Alito refrained from offering "a comprehensive interpretation" of § 1252(b)(9)—indeed, none of the parties briefed that statute, *id.* at *8 (Alito, J.)—and simply stated that, for purposes of the detained aliens' claims in *Jennings*, "it is enough to note" that they "are not asking for review of an order of removal," they are not "challenging the decision to detain them in the first place or to seek removal," and they "are not even challenging any part of the process by which their removability will be determined." *Id.* at *8 (Alito, J.). Unlike the claims in *Jennings*, Plaintiffs' claims in this case quite clearly "aris[e]" from an "action taken" to remove an alien. 8 U.S.C. § 1252(b)(9). They are by no means "too remote" from that action. *See Jennings*, 2018 WL 1054878, at *8 n.3 (Alito, J.). Accordingly, only one opinion—comprising neither a majority nor a plurality—supports Plaintiffs' reading of § 1252(b)(9), and the remainder of the opinions suggest that § 1252(b)(9) bars Plaintiffs' claims here.

DATED this 7th day of March, 2018.

                                                        Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

TRACY DOHERTY-McCORMICK
Acting United States Attorney
Eastern District of Virginia

C. SALVATORE D'ALESSIO, Jr.
Acting Director, Torts Branch

MARY HAMPTON MASON
Senior Trial Counsel

      /s/
DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3891
Fax: (703) 299-3983
E-Mail: dennis.barghaan@usdoj.gov

Paul E. Werner
Trial Attorney
Civil Division, Torts Branch
P.O. Box 7146 Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4152
Fax: (202) 616-4134
E-Mail: paul.werner@usdoj.gov

Attorneys for the Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to:

Simon Y. Sandoval-Moshenberg
VA Bar No. 77110
Nicholas Marritz
VA Bar No. 89795
Legal Justice Aid Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Telephone: (703) 720-5605
E-Mail: simon@justice4all.org; nicholas@justice4all.org

Daniel E. Johnson
VA Bar No. 88696
Mark H. Lynch (*pro hac vice*)
Jose E. Arvelo (*pro hac vice*)
Brandon H. Johnson (*pro hac vice*)
Daniel T. Grant (*pro hac vice*)
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5224
E-Mail: dejohnson@cov.com

        /s/
DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3891
Fax: (703) 299-3983
E-Mail: dennis.barghaan@usdoj.gov