IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MYNOR ABDIEL TUN-COS, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| *v.* | ) | Civil Action No. 1:17-cv-943 |
| | ) | |
| B. PERROTTE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENT MOTION TO STAY
PROCEEDINGS PENDING DEFENDANTS'
APPEAL OF THIS COURT'S APRIL 5, 2018 ORDER**

## INTRODUCTION

Defendants B. Perrotte, T. Osborne, D. Hun Yim, P. Manneh, and A. Nichols, request a

stay of all proceedings in this matter, because the Defendants, who are being sued in their

individual capacities, have raised qualified immunity and other threshold defenses that dispose of

both of Plaintiffs' constitutional tort claims against them and are entitled to immediately appeal

this Court's decision denying those defenses to the Fourth Circuit. The Supreme Court has long

emphasized that when a personal-capacity defendant raises qualified immunity as a defense,

district courts should not permit discovery until after the qualified immunity defense has been

resolved, and that defendants who have raised such a defense that has been denied on questions

of law, may immediately appeal. The Fourth Circuit has followed the Supreme Court's guidance.

## BACKGROUND

In this action, Plaintiffs bring Fourth Amendment and Fifth Amendment constitutional

tort claims against Defendants in their individual capacities based on the alleged events of two

separate immigration enforcement operations: one in Alexandria, Virginia, on February 8, 2017,

and one in Annandale, Virginia, on February 17, 2017. *See generally*, Dkt. #25, First Am. Compl. (FAC). On January 2, 2018, Defendants filed a dispositive motion to dismiss the FAC in its entirety. *See* Dkt. #38, 39. In their motion, Defendants raised three overarching arguments: (1) 8 U.S.C. § 1252(b)(9) removed this Court's jurisdiction over Plaintiffs' claims and channeled them through the immigration courts and the courts of appeals; (2) under Supreme Court and circuit court precedent, special factors counselled hesitation in this context; and (3) the Defendants were entitled to qualified immunity because the FAC failed to allege that Defendants personally participated in a clearly established violation of a constitutional right. *See id.*

After briefing and argument, this Court issued an Order on April 5, 2018, denying Defendants' motion in full. *See* Dkt. #50. In particular, the Court held that "Defendants are not entitled to qualified immunity based on the allegations of the Amended Complaint." *Id.* at 18. On that date, this Court also issued an Amended Scheduling Order, setting a pretrial conference for May 2, 2018, and requiring the parties to submit proposed discovery plans by April 25, 2018. Dkt. #51.

The Amended Scheduling Order stated that "[d]iscovery may begin as of receipt of this Order." *Id.*[1] Additionally, under Federal Rule of Civil Procedure 12(a)(4)(A), Defendants' response to the FAC is currently due April 19, 2018. Defendants' notice of appeal is due by June 4, 2018, sixty days after this Court's Order denying their motion to dismiss. *See* Fed. R. App. P. 4(a)(1)(B)(iv). Once a timely notice of appeal is filed regarding the Court's decision on all claims in the case, jurisdiction over the matters subject to that appeal, including qualified immunity (as explained below), and any related authority that may require Defendants to

---

[1] The Court had issued an initial Scheduling Order on November 8, 2017. Dkt. #22. That Scheduling Order was withdrawn by Magistrate Judge Buchanan after Plaintiffs amended their complaint. *See* Dkt. #27.

participate in pretrial proceedings or discovery, will pass to the Fourth Circuit. *See Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) ("Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam))). Defendants intend to appeal this Court's Order denying their motion to dismiss, which raised qualified immunity as a dispositive defense, and therefore respectfully seek this stay of proceedings and all deadlines while they pursue that appeal.[2]

## ARGUMENT

Qualified immunity is "an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). It contains an "entitlement not to stand trial or face the other burdens of litigation." *Id.* (citation omitted).  As longstanding Supreme Court precedent makes clear, qualified immunity "is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery.'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (quoting *Mitchell*, 472 U.S. at 526). *See also Mitchell*, 472 U.S. at 526 ("Unless the plaintiff's allegations state a claim of a violation of clearly established law, the defendant is entitled to qualified immunity before the commencement of discovery.").

In line with that precedent, the Supreme Court has long held that the denial of a dispositive motion asserting qualified immunity is immediately appealable as long as the ruling turns on a question of law. *Mitchell*, 472 U.S. at 524-30; *see also O'Bar v. Pinion*, 953 F.2d 74, 79 (4th Cir. 1991) ("Although the district court's ruling does not amount to a final judgment, the

---

[2] Before Department of Justice attorneys may appeal on a defendants' behalf, they must receive authorization from the Solicitor General of the United States. *See* 28 C.F.R. § 50.15(a)(11).

order is nevertheless one which denies a claim of qualified immunity and is therefore immediately appealable."). The antecedent special factors and subject-matter jurisdiction questions are also immediately appealable in these circumstances. *See, e.g.*, *Wilkie v. Robbins*, 551 U.S. 537, 549 n.4 (2007); *Davis v. Billington*, 681 F.3d 377, 380 (D.C. Cir. 2012) ("Because the defense of qualified immunity from a *Bivens* damages action 'directly implicate[s]' the antecedent question whether to recognize that *Bivens* action at all, our jurisdiction extends to that question at well." (quoting *Wilkie*, 551 U.S. at 540 n.4)).

It is well-established that federal courts possess the inherent authority to stay litigation. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition for the causes on its docket with economy of time and efforts for itself, for counsel, and for litigants."); *see also Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983). District courts should stay proceedings while a defendant appeals a decision on qualified immunity. *See Suarez Corp. Inds. v. McGraw*, 202 F.3d 676, 684 (4th Cir. 2000) (considering appeal of district court's denial of qualified immunity and noting that the district court granted defendants' motion to stay proceedings "pending the appeal on the issue of qualified immunity"). Such an action preserves the defendants' entitlement to qualified immunity, which would effectively be lost to the extent defendants must face the burdens of pretrial matters such as discovery. *See Mitchell*, 472 U.S. at 526; *see also Jenkins v. Medford*, 119 F.3d 1156, 1159 (4th Cir. 1997) (noting that district court's refusal to consider qualified immunity defense and subject defendant to pretrial procedures "effectively denied him qualified immunity").

Indeed, one of the main purposes of the qualified immunity defense is to prevent government officials from facing the burdens and distractions of discovery unless a plaintiff has

adequately pled a clearly established constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery."); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) ("One of the purposes of the *Harlow* qualified immunity standard is to protect public officials from the 'broad-ranging discovery' that can be 'peculiarly disruptive of effective government.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982))). This is because individual-capacity actions like Plaintiffs' lawsuit "entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *Anderson*, 483 U.S. at 638 (citation omitted).

Accordingly, the Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam) (citations omitted). And until the "threshold immunity question" raised by a qualified immunity defense is resolved, "discovery should not be allowed." *Harlow*, 457 U.S. at 818. *See also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (noting that where a defendant raises qualified immunity, "the district court should resolve that threshold question before permitting discovery").

The Fourth Circuit has followed this longstanding guidance from the Supreme Court, recognizing that a qualified immunity defense should be resolved at the earliest stage possible. *See Jenkins*, 119 F.3d at 1159 ("The defense exists to 'give government officials a right, not just to avoid standing trial, but also to avoid the burdens of 'such *pretrial* matters as discovery.'" (quoting *Behrens*, 516 U.S. at 308)); *Smith v. Reddy*, 101 F.3d 351, 357 (4th Cir. 1996) ("[Q]ualified immunity should be addressed at the pleading or summary judgment stage whenever possible." (citing *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992))); *Pritchett*,

973 F.2d at 313 (noting that resolution of qualified immunity at the earliest possible stage of litigation "has been specifically encouraged" (citing *Harlow*, 457 U.S. at 815-19, and *Mitchell*, 472 U.S. at 526)). *Cf. Evans v. Chalmers*, 703 F.3d 636 (4th Cir. 2012) (in dismissing conspiracy claim against government officials, noting that such claims would undermine officials' qualified immunity defense "and make discovery the rule, rather than the exception" (citation omitted)). Pretrial burdens include the obligation to answer the complaint, which for Defendants is currently due April 19, 2018.

The above considerations all apply in this case. Defendants have raised a dispositive qualified immunity defense that this Court denied based on the allegations in the FAC, which is a question of law for which Defendants' are entitled to and intend to appeal immediately. As the Fourth Circuit indicated, to continue with "further pretrial procedures" and discovery would "effectively den[y]" Defendants qualified immunity. *Jenkins*, 119 F.3d at 1159. Accordingly, Defendants respectfully request a stay until the earlier of June 4, 2018, or until a notice of appeal to the Fourth Circuit is filed, after which time jurisdiction over all matters related to that appeal will be transferred to the Fourth Circuit.

## CONCLUSION

For the reasons stated above, this Court should grant Defendants' motion and stay all proceedings pending Defendants' appeal to the Fourth Circuit.

DATED this 16th day of April, 2018.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

TRACY DOHERTY-McCORMICK
Acting United States Attorney
Eastern District of Virginia

C. SALVATORE D'ALESSIO, Jr.
Acting Director, Torts Branch

MARY HAMPTON MASON
Senior Trial Counsel

_____/s/_____
DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3891
Fax: (703) 299-3983
E-Mail: dennis.barghaan@usdoj.gov

Paul E. Werner
Trial Attorney
Civil Division, Torts Branch
P.O. Box 7146 Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4152
Fax: (202) 616-4134
E-Mail: paul.werner@usdoj.gov

Attorneys for the Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2018, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which will send notification of this filing to:

Simon Y. Sandoval-Moshenberg
VA Bar No. 77110
Nicholas Marritz
VA Bar No. 89795
Legal Justice Aid Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Telephone: (703) 720-5605
E-Mail: simon@justice4all.org; nicholas@justice4all.org

Daniel E. Johnson
VA Bar No. 88696
Mark H. Lynch (*pro hac vice*)
Jose E. Arvelo (*pro hac vice*)
Brandon H. Johnson (*pro hac vice*)
Daniel T. Grant (*pro hac vice*)
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5224
E-Mail: dejohnson@cov.com

_____/s/_____
DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3891
Fax: (703) 299-3983
E-Mail: dennis.barghaan@usdoj.gov