UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **MYNOR ABDIEL TUN-COS, et al.** ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 1:17-cv-00943 (AJT-TCB) |
| v. ) | |
| ) | |
| **B. PERROTTE, et al.** ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
EMERGENT MOTION TO STAY PROCEEDINGS PENDING
DEFENDANTS' APPEAL OF THIS COURT'S APRIL 5, 2018 ORDER**

Defendants' Motion to Stay states that Defendants *intend* to file an appeal in this case. *See* Defs.' Mot. to Stay, Dkt. No. 53, at 3. Defendants are, of course, free to file a notice of appeal, but they have not yet done so. If a notice of appeal is filed regarding the Court's ruling on qualified immunity, jurisdiction over this issue will pass to the Fourth Circuit. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). However, until an appropriate notice of appeal is filed, no stay is appropriate.

The Supreme Court has long held that it is the filing of the notice of appeal that divests the district court of its jurisdiction. *See id.* ("The *filing of a notice of appeal* is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (emphasis added)). Notably, even the relevant cases Defendants cite in their Motion issued a stay only *after* a notice of appeal was filed. *See, e.g.*, *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 684 (4th Cir. 2000) ("After the district court denied their defense of qualified immunity, [appellants] filed a notice of

appeal on that issue.  The district court *then* granted [appellants'] motion to stay its proceedings pending the appeal on the issue of qualified immunity." (emphasis added)).

Unless and until Defendants file an appropriate notice of appeal, this Court retains jurisdiction over this matter, and the case should proceed in the normal course.  To hold otherwise would allow a defendant to unduly delay a case simply by *threatening*, but not filing, an appeal.

The Court therefore should deny Defendants' Motion.  If Defendants file a notice of appeal, Plaintiffs may file a further response to the Motion upon review of the notice.

Dated:  April 19, 2018                                   Respectfully submitted,

**COVINGTON & BURLING LLP**
By: _____//s//_____
Daniel E. Johnson (VSB No. 88696)
Mark H. Lynch (*pro hac vice*)
José E. Arvelo (*pro hac vice*)
Brandon H. Johnson (*pro hac vice*)
Daniel T. Grant (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC  20001
(202) 662-5224
dejohnson@cov.com

**LEGAL AID JUSTICE CENTER**
By: _____//s//_____
Simon Y. Sandoval-Moshenberg (VSB No. 77110)
Nicholas Marritz (VSB No. 89795)
Hallie Ryan (VSB No. 85927)
6066 Leesburg Pike, Suite 520
Falls Church, VA  22041
(703) 720-5605
simon@justice4all.org
nicholas@justice4all.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of April, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Dennis Carl Barghaan , Jr.
United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
(703)299-3700
Email: dennis.barghaan@usdoj.gov

                                      **COVINGTON & BURLING LLP**
                                      By: _____//s//_____
                                      Daniel E. Johnson (VSB No. 88696)
                                      One CityCenter
                                      850 Tenth Street, NW
                                      Washington, DC  20001
                                      (202) 662-5224
                                      dejohnson@cov.com